Filed 4/26/22  P. v. Crane CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD JOSEPH CRANE,<br><br>    Defendant and Appellant. | B312187<br><br>(Los Angeles County<br>Super. Ct. No. A146112) |

THE COURT:

On November 3, 1981, defendant and appellant Richard Joseph Crane was convicted after a court trial of kidnapping (Pen. Code, § 207), assault (Pen. Code, § 245), and second degree murder (Pen. Code, § 187).  He was sentenced to a term of 24 years to life in state prison.

On February 9, 2021, defendant filed a motion to augment the record to include mitigating evidence relating to youthful offender factors pursuant to *People v. Franklin* (2016) 63 Cal.4th 261.  Several weeks later, on February 23,

2021, he filed a petition for resentencing pursuant to Penal Code section 1170, subdivision (d)(1).

The trial court denied defendant's motions on March 17, 2021, reasoning (1) defendant already had a full mitigation hearing in accordance with *People v. Franklin*, *supra*, 63 Cal.4th 261; and (2) no timely motion to recall his sentence was filed. Defendant timely filed a notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to conduct an independent review of the record pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, and issues for review expanded Oct. 27, 2021, S264278; see *People v. Serrano*, *supra*, 211 Cal.App.4th at p. 503.) However, we do review any contentions or arguments made if the defendant files his own supplemental brief or letter. (*People v. Cole*, *supra*, at p. 1039.)

On January 14, 2022, "the Court granted the appellant the right to file a Brief following appellate counsel's filing a no merit brief." On February 22, 2022, defendant filed a motion for enlargement of time and relief from default. We deemed his motion to be a request for an extension of time to file a supplemental brief, and granted him an additional 20 days to file a supplemental brief. To date, no such brief has been filed.

Because neither defendant nor appellate counsel identified an issue warranting reversal, we may treat the appeal as abandoned. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135,

2

review granted Mar. 17, 2021, S266853; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 in an appeal from a summary denial of a Pen. Code, § 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but it can and should do so in the interests of justice]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

Although we have concluded, consistent with *People v. Cole*, that dismissal is appropriate without more, we are mindful that our Supreme Court is currently deciding whether such a dismissal is appropriate or whether a further, independent examination of the record is instead required. (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) In an abundance of caution, we have independently examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at pp. 441–443.)

In his petition for resentencing, defendant argued that he was wrongfully convicted "by the use of false evidence." He further asserts that his due process rights were violated because the "police and prosecution withheld both exculpatory [and] impeachment evidence . . . and used perjury to convict" him. His claims are unsupported by the appellate record.

3

To the extent defendant's motion was based upon the district attorney's special directives, we note that those directives are not the law of this State.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.          ASHMANN-GERST, J.       CHAVEZ, J.